959 F.2d 231
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Linda D. CRITES, Plaintiff-Appellant,
v.
KAISER ALUMINUM AND CHEMICAL CORPORATION; United
Steelworkers of America Local 5668; Ken Mikes; Sebert
Riddle; Steve Olds; Leon Yoder; Al Toothman; John
Spencer; Joe Chapman; Charlie McDowell; Don Stidham,
Defendants-Appellees.
 
 No. 91-1231.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 26, 1992.
 Decided April 3, 1992.
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CA-88-1436-A)
 Linda D. Crites, appellant pro se.
 Joseph M. Price, William E. Robinson, Robinson & McElwee, Charleston, W.Va., David I. Goldman, Associate General Counsel, United Steelworkers of America, Pittsburgh, Pa., for appellees.
 S.D.W.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Linda Crites appeals the district court's order dismissing her employment discrimination complaint filed pursuant to 42 U.S.C. §§ 1981 & 2000e-5. We affirm in part, vacate in part, and remand to the district court for the reasons set forth below.
 
 
 2
 * Linda Crites began working for Defendant Kaiser Aluminum in 1973 as a janitor. She had been promoted to the position of maintenance mechanic when she was terminated on June 10, 1986, allegedly due to her poor attendance record. She claims that male workers with similar attendance records were treated differently, and that her discharge was therefore the product of discrimination based on sex.
 
 
 3
 Plaintiff filed charges with the EEOC against Kaiser Aluminum and the union representing her. The EEOC dismissed the charges on the merits and gave notice of Plaintiff's right to file suit in federal court. Plaintiff filed this complaint, seeking relief pursuant to 42 U.S.C. §§ 1981 & 2000e. The district court dismissed and this appeal followed.
 
 II
 
 4
 The district court properly dismissed the § 1981 claim. The statute does not protect against discrimination based on sex. Runyon v. McCrary, 427 U.S. 160, 167 (1976).
 
 III
 
 5
 The enforcement provisions of Title VII require a person claiming to be aggrieved to file a charge with the EEOC within 180 days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e). Thus, Crites had 180 days from the date of her discharge, or until December 8, 1986, to file her charge with the EEOC.
 
 
 6
 After consulting by telephone with an employee of the EEOC, and upon the employee's advice, Crites sent a letter to the EEOC dated November 7, 1986, which requested the EEOC to review her case of alleged discrimination against Kaiser Aluminum and the union. The EEOC received this letter on November 12; on December 11, an EEOC compliance officer sent Crites an acknowledgement and a formal charge incorporating Crites's allegations. The form advised Crites to sign and return the formal charge within thirty days. Crites complied and returned the document on December 16.
 
 
 7
 The timeliness of Crites's administrative filing turns on whether her November 7 letter or her December 16 formal charge establishes the operative date. Section 20003-5(b), Title 42 U.S.C. provides that a charge "shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." Although Crites's November 7 letter was not under oath, EEOC regulations provide that amendment may be allowed to cure technical defects in a charge, including the failure to verify the charge, and that such amendments will be deemed to relate back to the original filing date. 29 C.F.R. § 1601.12(b). See also Russell v. American Tobacco Co., 528 F.2d 357, 364 (4th Cir.1975) (sworn statement not jurisdictional; "directory and technical rather than mandatory and substantive"), cert. denied, 425 U.S. 935 (1976). In light of this regulation and Crites's diligence in promptly complying with EEOC instructions, we find her charge timely and therefore remand for further proceedings on the merits of Crites's Title VII claim. See EEOC v. United States Fidelity & Guaranty Co., 420 F.Supp. 244, 248-49 (D.Md.), aff'd, 538 F.2d 324 (4th Cir.1976).
 
 IV
 
 8
 The district court also dismissed the union and its officials based on lack of subject matter jurisdiction as raised in their answer. The court did not indicate which of the three jurisdictional defenses raised by the union and its officials applied: the exclusivity of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151-187; the doctrine of arbitration; or the Norris-La Guardia Anti-Injunction Act, 29 U.S.C. §§ 101-115. We need not determine which defense was intended to be applied since none of the defenses bar litigation under Title VII.
 
 
 9
 The NLRA does not provide an exclusive remedy for allegations of discrimination by unions in the handling of individual employees' grievances. See Causey v. Ford Motor Co., 516 F.2d 416, 425 n. 12 (5th Cir.1975) (union's duty of fair representation under NLRA overlaps with protection of Title VII). In addition, exhaustion of contractual grievance procedures is not a prerequisite to a Title VII suit. See Donaldson v. Taylor Prods. Div. of Tecumseh Prods. Co., 620 F.2d 155 (7th Cir.1980). The doctrine of arbitration does not prevent Plaintiff from bringing a claim against the union to redress alleged discrimination under Title VII. See McDonald v. City of West Branch, 466 U.S. 284 (1984). Finally, the Norris-La Guardia Anti-Injunction Act does not prevent the district court's entertaining a suit under Title VII. See 42 U.S.C. § 2000e-5(h).
 
 
 10
 Because a complaint that a union discriminates in its handling of grievances states a cause of action under Title VII, see Macklin v. Spector Freight Sys., Inc., 478 F.2d 979, 988 (D.C.Cir.1973), dismissal of the union was improper.
 
 V
 
 11
 For the reasons stated, the judgment of the district court is affirmed in part and vacated in part, and the case is remanded for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.